# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKLIN D. HAY,<br>Plaintiff,<br><br>v.<br><br>GEORGE HILL<br>CORRECTIONAL FACILITY, *et al.*,<br>Defendants. | :<br>:<br>:<br>: CIVIL ACTION NO. 18-CV-3214<br>:<br>:<br>:<br>: |

## MEMORANDUM

RUFE, J.                                                                                         NOVEMBER   , 2018

On July 30, 2018, *pro se* Plaintiff Franklin D. Hay filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a Complaint pursuant to 42 U.S.C. § 1983 against the George W. Hill Correctional Facility based on conditions he endured during his incarceration there (ECF No. 2). By Order entered on August 17, 2018, the Court granted Hay leave to proceed *in forma pauperis* and dismissed his Complaint. (ECF No. 4.) Specifically, the Court noted that the George W. Hill Correctional Facility is not an entity subject to suit under § 1983 and that, "to the extent that [Hay] wished to sue medical staff or guards," he had failed to allege how those individuals were personally involved in the violation of his rights. (*Id.*) The Court granted Hay leave to file an amended complaint no later than September 20, 2018. (*Id.*) Hay did not file an amended complaint by that date. Accordingly, by Order entered on October 3, 2018, the Court dismissed this action without prejudice for failure to prosecute. (ECF No. 5.)

The Court received an Amended Complaint from Hay on November 14, 2018. (ECF No. 6.) In the caption of his Amended Complaint, Hay names the "George Hill Correction Facility" and "the Warden, Guards, Medical Staff" as the Defendants. In light of Hay's *pro se* status, the Court will reopen this case and vacate its October 3, 2018 Order. However, for the following

reasons, the Court will dismiss the Amended Complaint and provide Hay one final opportunity to amend.

## I. FACTS

Hay's claims arise from the alleged conditions of confinement during his incarceration at the George W. Hill Correctional Facility. (Am. Compl. at 2.) He alleges as follows: "I was denied medical attention, medication, my medication 20 MG oxycodone was taken from me and destroyed. I was made to sleep on urine soaked floor, I had sores on my legs, hips. Denied bathroom [privileges], I asked several guards to clean up urine on floor-denied clean sheets-denied." (*Id.*) He further contends that guards told him "that there were no request forms to see doctor" and that he was told to find his own pen and paper when he asked for those supplies. (*Id.*) Hay also mentions that he was "made to sleep on dirty cell floor with a bad back" and that he was "bitten by bugs." (*Id.* at 4.) As relief, Hay seeks $50,000.00 in damages. (*Id.*)

## II. STANDARD OF REVIEW

As noted above, the Court previously granted Hay leave to proceed *in forma pauperis*. Accordingly, the Court is required to dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) if it fails to state a claim. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) ("[T]here must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation."). "In this review, courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

2

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quotations omitted). As Hay is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. The Amended Complaint Fails to State a Claim as Pled

Once again, it is difficult to determine whether Hay has a basis for a plausible claim because of the generalized manner in which he has pled his Amended Complaint. Hay names "George Hill Correctional Facility" and "The Warden, Guards, Medical Staff" as the Defendants in the caption of his Amended Complaint, but names Warden John Doe, Guards John Doe, Counselors John Doe, and Medical Staff John Doe on the second page of the Amended Complaint. Thus, it is difficult to assess the validity of Hay's claims because of the uncertainty of who he has intended the named Defendants to be

As the Court previously informed Hay, it is appropriate for him to identify individuals as "John Doe" or "Jane Doe" if he does not know their names. However, he is still obligated to explain how each individual named in the Amended Complaint was personally involved in the violation of his constitutional rights, whether due to the prison official's own misconduct or the official's deliberate indifference to known deficiencies in a policy or procedure that violated Hay's rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). It is not proper for Hay to sue all personnel at the George W. Hill Correctional Center based on alleged failures by various departments unless each and every staff member was personally involved in violating his rights. In other words, it is insufficient to pin liability on every staff member based solely on the fact

3

that those staff members are part of a flawed system, if that is what Hay is trying to do. Instead, Hay must limit his claims to those individuals and entities who played a role—whether through acts or inaction—in violating his rights. His allegations are simply insufficient to state a claim without any reference to which specific individual engaged in what conduct. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014).

In sum, Hay cannot move forward on his Amended Complaint as pled because it is not clear who he named as Defendants or what each individual did to violate his rights. Accordingly, the Court will dismiss the Amended Complaint with one final opportunity to amend. Some of Hay's claims also suffer from other deficiencies, which the Court will address below.

### B. Additional Deficiencies

Hay again appears to name "George Hill Correctional Facility" as a Defendant in this matter. The Court previously informed Hay that he could not maintain claims against the facility because it is "not a legal entity susceptible to suit." *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws."). Accordingly, Hay's claims against the "George Hill Correctional Facility" will be dismissed.

Many of Hay's claims also fail substantively. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees.

4

*Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005). Because Hay's status during his incarceration is not clear from the Complaint, the Court will analyze the Complaint under both amendments. To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To establish a basis for a Fourteenth Amendment violation, a prisoner must establish that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard I*, 399 F.3d at 158. In assessing whether a prisoner's conditions of confinement violate the Eighth or Fourteenth Amendment, a court should consider the totality of the circumstances. *See, e.g., Hubbard II*, 538 F.3d at 235; *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996); *Union Cty. Jail Inmates v. DiBuono*, 713 F.2d 984, 1000-01 (3d Cir. 1983).

Hay vaguely alleges that he had to sleep on a dirty, urine-soaked floor; that he was bitten by bugs, and that he was denied clean sheets. (Am. Compl. at 3-4.) He also states that he was denied bathroom privileges. (*Id.* at 3.) At this time, Hay's vague allegations again do not set forth a plausible claim regarding conditions of confinement. While being deprived of a toilet can rise to the level of a deprivation of basic human needs, *see, e.g., Johnson v. Lewis*, 217 F.3d 726, 731-33 (9th Cir. 2000) (four-day period of toilet deprivation could constitute substantial deprivation), Hay has provide no facts regarding how long he was without a toilet. Moreover, while being bitten by bugs and having to use dirty linens are certainly unpleasant conditions, the

Court cannot conclude at this time that these conditions amounted to a constitutional violation. *See, e.g., Washington v. Folino*, No. 11-1046, 2013 WL 998013, at *4 (W.D. Pa. Feb. 28, 2013) (concluding that the denial of clean linens on a handful of occasions did not state a conditions of confinement claim); *Thomas v. SCI Graterford*, No. 11-6799, 2014 WL 550555, at *4-5 (E.D. Pa. Feb. 12, 2014) (concluding that while presence of insects in prison was uncomfortable, plaintiff had not "demonstrated an unconstitutional threat to his health and safety"); *Hill v. Smith*, No. 05-1724, 2005 WL 2666597, at *7 (M.D. Pa. Oct. 19, 2005) (concluding that mice and cockroaches in the cell are "admittedly uncomfortable conditions [that] . . . do not, by themselves articulate a situation that could be characterized as cruel and unusual punishment"). In sum, without more, Hay's sparse allegations fail to state a claim because they do not plausibly establish that the conditions of confinement at the George W. Hill Correctional Facility amounted to punishment or deprived him of any basic human need for a significant period of time. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists.").

Finally, Hay appears to suggest that he did not receive adequate medical care. To state a claim based on deficiencies in medical care, a prisoner must allege facts showing that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Natale v. Camden Cty. Corr. Fac.*, 318 F.3d 575, 581-82 (3d Cir. 2003). Here, Hay asserts that his oxycodone was taken from him, he suffered a bad back and developed sores, and he was denied medical treatment. Nothing in the Amended Compliant, however, provides any facts to plausibly suggest that any officials at the George W. Hill Correctional

6

Facility were deliberately indifferent to his medical needs. Accordingly, Hay cannot maintain his claims regarding his medical care at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Hay's Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. The dismissal is without prejudice to Hay filing a second amended complaint in the event he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

CYNTHIA M. RUFE, J.